Zhou v. State University of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 10th day of September, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             REENA RAGGI,
                      *Circuit Judges.*

_____

XU-SHEN ZHOU, aka JASON ZHOU,

                      *Plaintiff-Appellant*,

                v.                                                      17-3512-cv

STATE UNIVERSITY OF NEW YORK POLYTECHNIC INSTITUTE,
fka STATE UNIVERSITY OF NEW YORK INSTITUTE OF TECHNOLOGY,
DR. LISA BERARDINO, personally and in their professional capacity,
DR. STEPHEN HAVLOVIC, personally and in their professional capacity,
and  DR. WILLIAM LANGDON, personally and in their professional capacity,

                      *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     Xu-Shen Zhou, pro se, Utica, N.Y.

Appearing for Appellee:      Laura Etlinger, New York State Office of the Attorney General, Albany, N.Y.

_____

[1] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Xu-Shen Zhou, appearing pro se on appeal, sued the State University of New York, Polytechnic Institute ("SUNY"), as well as individual defendants Dr. Lisa Berardino, Dr. Stephen Havlovic, and Dr. William Langdon under Title VII, 42 U.S.C. § 1981, and state law, alleging that they did not reappoint him to his teaching position in retaliation for his complaints of discrimination. After a four-day trial, the jury returned a verdict in favor of the defendants. Zhou appeals from the district court's judgment and denial of his motion for a new trial pursuant to Federal Rule of Civil Procedure 59. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

## I.      Pretrial Rulings

A district court's evidentiary rulings are reviewed for abuse of discretion. *See Manley v. AmBase Corp.*, 337 F.3d 237, 247 (2d Cir. 2003). "Unless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is ground for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Fed. R. Civ. P. 61.

Applying this deferential standard of review, we find the district court did not exceed the bounds of its discretion in admitting Zhou's teaching evaluations from his previous university for two purposes: (1) to impeach Zhou's credibility given his representation that he generally received good teaching evaluations; and (2) to provide after-acquired evidence of misrepresentations that could mitigate damages. *See McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362–63 (1995) (holding that employer in discrimination case may limit damages with after-acquired evidence of employee wrongdoing); *United States v. Garcia*, 900 F.2d 571, 575 (2d Cir. 1990) (holding extrinsic evidence admissible to demonstrate falsity of trial testimony). Here, the district court reasonably determined that the probative value of such evidence for impeachment purposes outweighed any potential prejudicial effect because Zhou's credibility was critical to his retaliation claim. *See* Fed. R. Evid. 403.

The district court also acted within its discretion in admitting after-acquired evidence of Zhou's wrongdoing in connection with his poor teaching evaluation to mitigate damages. *See McKennon*, 513 U.S. at 362–63 (holding that employer has burden to "establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge"). Zhou mistakenly argues that the after-acquired evidence rule does not apply because the evidence concerned misconduct that occurred outside of and prior to his employment relationship with SUNY. However, the evaluations were not introduced for to establish Zhou's misconduct at his prior job, but, rather, to establish his misconduct during his initial hiring by SUNY and during the reappointment process by failing to disclose his poor teaching record. To the extent that Zhou

also challenges the jury instruction concerning after-acquired evidence, he waived that argument by failing to object during trial. *See Local Union No. 38, Sheet Metal Workers' Int'l Ass'n v. Pelella*, 350 F.3d 73, 87 (2d Cir. 2003) (holding that party who fails to object to a jury instruction at trial waives the right to make that instruction the basis for an appeal) (internal quotation marks omitted)). Even assuming that Zhou had objected to this instruction, any error would be harmless because it relates only to the calculation of damages. Here, the jury found for the defendants and, thus, never calculated damages.

## II.    Denial of Venue Transfer

Zhou faults the district court for denying his motion to transfer venue to the Southern District of New York, made more than seven years after he commenced this proceeding in the Northern District of New York and on the eve of his second trial. To successfully challenge the denial of a motion to transfer of venue after entry of a final judgment, a party must demonstrate that the outcome of the trial would have been different had the case been transferred. *See Bank of N.Y. v. First Millennium, Inc.*, 607 F.3d 905, 921 (2d Cir. 2010). Zhou fails to meet this burden, because he does not argue that the outcome would have been different in the Southern District. His suggestion that a Title VII retaliation claim cannot get a fair hearing in the Northern District is belied by the fact that a jury found in his favor at the first trial. In any event, a party cannot meet the high burden imposed with "speculative concerns about the likely predisposition of local judges and juries[.]" *Songbyrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 179 (2d Cir. 2000). The district court did not abuse its discretion in denying Zhou's venue motion more than seven years after he commenced the proceeding in the Northern District and on the eve of his second trial. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) ("We review a district court's denial of a motion to transfer venue for abuse of discretion.").

## III.    Discovery Rulings

We review discovery rulings for abuse of discretion. *See DG Creditor Corp. v. Dabah,* 151 F.3d 75, 79 (2d Cir. 1998). Under this deferential standard, both of Zhou's challenges to the district court's discovery rulings are clearly meritless. First, the court reasonably directed Zhou to provide defense counsel with seven-days' notice of his intention to proceed with scheduled depositions. This order was issued at defense counsel's request when it appeared that Zhou might decide at the last minute not to proceed with scheduled depositions**.** The resulting order represented a reasonable exercise of the court's discretion, particularly in light of the degree of court oversight of the discovery process required in this case when Zhou was proceeding pro se. The district court also reasonably directed the defendants to provide Zhou with the teaching evaluations of only one, rather than all, other SUNY professors considered for reappointment at the same time as Zhou, as opposed to all professors seeking reappointment. While Zhou now complains that he was prejudiced by the court's limitation on his discovery request,  he failed to seek any additional discovery from the court despite the court's express invitation to do so. The district court did not abuse its discretion in issuing either of the discovery orders Zhou challenges on appeal.

3

Zhou also broadly challenges his lack of access to discovery materials. First, he challenges the adequacy of the defendants' responses to certain discovery requests before the first trial. However, the docket reflects that Zhou never objected to the defendants' compliance with the court orders until after his second trial resulted in a verdict against him, when he raised it for the first time as a ground for a new trial. Zhou also claims that his second trial was impeded by his lack of access to discovery materials contained in his former counsel's case file. Here too, the district court had issued an order addressing the issue, directing former counsel to provide Zhou "copies of any documents that are not in his possession and that have an arguable relevance to a new trial[.]" Again, Zhou did not seek modification of the order or raise further objection on the issue until after the conclusion of the second trial. Zhou has not suggested any reason he could not have brought his purported concerns regarding access to the court's attention earlier. Having failed to reserve these issues below, Zhou cannot now pursue them on appeal, and we deem them waived. *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008) (explaining that party waives argument "by failing to present it below.").

## IV.    Sufficiency Challenge

Finally, Zhou challenges the district court's denial of his motion for a new trial on the ground that the jury's verdict was against the weight of the evidence. It is well established that "[a] district court's denial of a motion for a new trial on weight-of-the-evidence grounds, is not reviewable on appeal." *Rasanen v. Doe*, 723 F.3d 325, 330 (2d Cir. 2013). His argument is unavailing.

We have considered the remainder of Zhou's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4